Wilson, J.
Charles Halt secured a lease upon certain mining property in Boulder county, to run for six months from December 1, 1896. It was in writing, and was in the name of Halt, alone, as lessee. Operations under it were begun in December, and continued until about February 24 following, when they were suspended, leaving, it is claimed, an unpaid indebtedness due to employees upon the lease of about $800. The various holders of these claims for work assigned the same to plaintiff, Bolus Mitchell, who commenced suit therefor, and sought a recovery from the said Halt, John Staudinger and Nick DeTemple, the appellant herein. The two latter were joined as defendants upon the ground that they were partners with Halt in the lease, and jointly liable with him for all indebtedness incurred. The case was tried upon this theory, and this was the sole issue. Staudinger made default, but DeTemple filed answer, denying the partnership and all liability for the debts. Trial was to a jury, and the verdict and judgment were in favor of plaintiff for the sum of about $800, including interest.
There are numerous assignments of error, but it is unnecessary for us to consider but one, as it is decisive of the case, and will necessitate a reversal. Halt, who was the principal *129 witness for the plaintiff, testified that DeTemple came to Boulder about January 8, and requested him to sign a written contract of partnership and agreement as to the working of the mine; that he refused, and that the contract was never signed or executed. This unsigned contract was then offered in evidence by plaintiff and was received over the objection of the defendant. It is unnecessary to insert the entire contract; we will give only that portion of it which bears upon the issue, and which discloses the purpose for which it was offered in evidence. Its first recital is:
“ Whereas, Charles Halt has obtained a lease and bond on what is known as the North Star Lode Mining Claim, situated in Sugar Loaf Mining District, near Gordon Gulch, Boulder County, Colorado, for the use of himself, J. W. Orvis, Nicholas DeTemple, Max Malich and Maria Ayen, equally, for the term of six months, at a purchase price of two thousand five hundred dollars, and,
“ Whereas, it is now desired to work this claim, and if thought advisable by the parties interested before the termination of the above mentioned lease and bond, to buy the same, now, therefore,” etc.
Upon the conclusion of the evidence, the defendants requested the court to instruct the jury as follows :
“ The court instructs the jury as a matter of law that no amount of visiting mines or talk about forming a partnership or drawing of papers would alone constitute a partnership. And in this case, should the jury believe from the evidence that said DeTemple visited the mines testified to and talked about forming a partnership and had papers drawn to that effect, but not signed, such acts alone would not of themselves constitute a partnership.” The court modified the instruction by adding the words, “ but are facts which may be taken into consideration by you as circumstances tending to prove the partnership.”
To this modification, the defendant excepted. The instruction given was clearly erroneous. Under no circumstances could it be said that the unsigned contract tended to prove *130 a partnership. At most, it could only be claimed that it showed an effort to effect a partnership. As introduced in evidence, unsigned, especially in connection with the testimony of Halt that he refused to sign it, it was, in fact, evidence tending to show that there was no partnership. The testimony with reference to the existence of the partnership, either expressed or implied, was exceedingly conflicting. If it were at all conclusive, or there was a large and pronounced preponderance in favor of the existence of the partnership, this court might say that, while the instruction was erroneous, it was without prejudice to the defendant. Such is not the case, however, and it is not for us to say how much or how little effect this erroneous instruction had upon the jury. If the contract had been signed, it would have been an unequivocal admission by all parties of the existence of a partnership, and when the court told the jury that it tended to prove a partnership, it is by no means clear that the jury could have understood it otherwise than that, in the opinion of the court, it was to some extent an admission. As we have said, the evidence was greatly conflicting, but there was sufficient to have sustained the verdict of the jury; and, but for the error in this instruction, we would certainly not interfere with it.
There having been two trials of this cause, we regret the necessity now of reversal, but we are constrained to it by the materiality of the error.
For the reasons given, the judgment will be reversed, and the cause remanded for a new trial.

Beversed.